UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VALERIE FLORES,

                Plaintiff,

-against-

DISCOVER BANK; ILLINOIS HUMAN
RIGHTS COMMISSION,

                Defendants.

24-CV-5331 (PAC)

ORDER OF DISMISSAL

---

PAUL A. CROTTY, United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint alleging that Defendants violated her rights. By order dated March 6, 2025, Chief Judge Swain directed Plaintiff to amend her complaint to address deficiencies in her original pleading. Plaintiff filed an amended complaint on April 1, 2025, and this matter was thereafter reassigned to my docket. The Court has reviewed the amended complaint and dismisses the action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

By order dated March 6, 2025, Chief Judge Swain dismissed Plaintiff's complaint, brought against Discover Bank ("Discover") and the Illinois Human Rights Commission (HRC), on the grounds that (1) Plaintiff had not identified any federal statute that Discover had violated in refusing to extend her a $35,000 loan; (2) the Equal Credit Opportunity Act (ECOA) imposed notification obligations on a creditor who lowers the credit limit on a credit card, but does not limit a creditor's right to do so; (3) Plaintiff's allegations that Defendants reported that her credit utilization exceeded the limit on her credit card, which she does not dispute, did not state a claim under the Fair Credit Reporting Act (FCRA); and (4) Eleventh Amendment immunity barred

Plaintiff's claims under 42 U.S.C. § 1983 against the Illinois Human Rights Commission. The Court granted Plaintiff leave to amend her complaint to cure its deficiencies.

The following facts are drawn from the amended complaint, which is again brought against Discover and the Illinois HRC.[1] Plaintiff alleges that Discover lowered the limit on her credit card from $3,000 to $1,200. (ECF 9 at 4.) Discover eventually closed Plaintiff's account with a balance still outstanding, which negatively affected her credit score.[2]

Plaintiff references a high school acquaintance, a Black man "who appeared to have a very high credit card limit from Discover." (*Id.*) She states that "he defaulted." (*Id.*)

Discover maintains its headquarters in Illinois. (*Id.* at 2.) Plaintiff filed a complaint with the Illinois HRC against Discover for repeatedly denying her applications for a personal loan, despite her alleged qualifications. (*Id.* at 4.)

Plaintiff invokes the FCRA, and also asserts causes of action for "unfair debt practices," and breach of contract. Plaintiff sues Discover and the Illinois HRC, seeking damages totaling $165,000, which includes $90,000 for repairing her credit score and $75,000 for personal injury and court costs.

## DISCUSSION

**A.    FCRA**

The FCRA requires an adverse action notice if a consumer's credit limit is reduced based, in whole or in part, on information in a consumer report. 15 U.S.C. § 1681m(a). The FCRA also creates a private right of action against a furnisher of credit information, like Discover, who

---

[1] Discover Bank is the named Defendant. In the statement of facts in the amended complaint, Plaintiff refers to "Discover Bank" and "Discover Financial Services."

[2] In her original complaint, Plaintiff also alleged that Discover denied her a personal loan that would have allowed her to "consolidate all [of her] debts into the personal loan and pa[y] off the Discovery Card completely." (ECF 1 at 3.)

3

negligently or willfully fails to conduct a reasonable investigation after being notified by a Consumer Reporting Agency (CRA) of a credit dispute. 15 U.S.C. § 1681s-2(b).

Here, Plaintiff alleges that the credit limit for her Discover credit card was reduced and her account was eventually closed with a balance owed, both of which negatively affected her credit score. Plaintiff does not allege that these adverse credit determinations were based on information that Discover received in a consumer report, or that Discover failed to provide an adverse action notice. The amended complaint thus does not state a claim for a violation of 15 U.S.C. § 1681m(a).

Plaintiff also does not allege that Discover failed to conduct a reasonable investigation after having been notified by a CRA of a dispute. As explained in the March 6, 2025 order dismissing Plaintiff's original complaint, "Plaintiff's allegations that Defendants . . . reported to the [CRA] that her credit utilization exceeded the limit on her credit card[, the accuracy of which she does not dispute,] do not state a claim for a violation of her rights under the FCRA." (ECF 8 at 6.) Plaintiff's amended complaint fails to cure these deficiencies, and the allegations of the amended complaint do not state a claim under the FCRA. Plaintiff's FCRA claims against Discover are therefore dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      Equal Credit Opportunity Act (ECOA)**

Plaintiff has not invoked the ECOA, but her allegations about another applicant being treated differently and about her credit limit decrease could be liberally construed as bringing claims arising under this statute. The ECOA provides that, in evaluating applications for credit, "a creditor may consider any information obtained, so long as the information is not used to discriminate against an applicant on a prohibited basis." 12 C.F.R. § 1002.6(a).

In addition, Regulation B of the ECOA requires creditors to provide an adverse action notice when they deny credit or take adverse action on an existing account, such as a credit limit

4

decrease. 12 C.F.R. § 1002.9(a)(1)(iii). Specifically, a creditor must provide notice within "30 days after taking adverse action on an existing account." *Id.* The ECOA also mandates waiting periods before charging over-the-limit fees if a reduction in credit places the balance on a credit card over the new limit. The ECOA provides for a private right of action, allowing those who had existing credit revoked or changed to sue in federal district court. 15 U.S.C. § 1691e(f).[3]

Here, Plaintiff alleges that her credit limit was reduced and her account was eventually closed while she still had a balance owed, both of which negatively affected her credit score. As Chief Judge Swain explained in the March 6, 2025 dismissal order, "the ECOA does not limit a creditor's ability to lower the credit limit on a credit card; it merely imposes limited notification obligations on the creditor." (ECF 8 at 4.) The claims against Discover in Plaintiff's original complaint were dismissed because she challenged Discover's decision to decrease her credit limit but made no allegation that Discover violated the adverse action notice requirements of any federal statute. In her amended complaint, Plaintiff again makes no allegation that Discover violated any adverse action notice requirement or other obligation of the ECOA.

Moreover, Plaintiff's allegations that she knew a Black man who "appeared to have" a higher credit limit from Discover than the limit on her own credit card are insufficient to allege prohibited discrimination in violation of the ECOA. 12 C.F.R. § 1002.6(a). Among other deficiencies, Plaintiff includes no allegations about this individual's financial situation that could suggest that he was a similarly situated comparator. The allegations of the amended complaint

---

[3] "As provided in section 706(f) of the ECOA, [codified at 15 U.S.C. § 1691e(f)], a civil action under the Act or this part may be brought in the appropriate United States district court without regard to the amount in controversy or in any other court of competent jurisdiction within five years after the date of the occurrence of the violation." 12 C.F.R. § 1002.16(b)(2).

thus fail to state a claim on which relief can be granted under the ECOA and Regulation B, and the Court dismisses these claims against Discover. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Fair Debt Collection Practices Act**

Plaintiff states that she seeks to bring a claim for "unfair debt practices," which the Court liberally construes as invoking the Fair Debt Collection Practices Act (FDCPA). The FDCPA prohibits a debt collector from engaging in, among other things, (1) harassing, oppressive, or abusive collection practices, 15 U.S.C. § 1692d, and (2) deceptive and misleading practices, 15 U.S.C. § 1692e.

The FDCPA defines a debt collector governed by the Act as one "who regularly collects . . . debts owed or due . . . another," or as a person involved "in any business the principal purpose of which is the collection of any debts." 15 U.S.C. § 1692a(6). In contrast, a creditor is a person "who offers or extends credit creating a debt or to whom a debt is owed," excluding anyone who "receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). The FDCPA does not apply to creditors attempting to collect debts that they are owed. *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 81 (2017) "[T]those who seek only to collect for themselves loans they originated generally do not" qualify as debt collectors.)

Here, Plaintiff makes no allegation that Defendant Discover Bank is a third-party debt collector attempting to collect a debt owed another. Even if it were, the allegations of the amended complaint are insufficient to allege a violation of the statute. Plaintiff's allegations that her credit limit was lowered, her credit card was eventually closed, and she was denied a personal loan, do not state a claim for abusive collection practices, 15 U.S.C. § 1692d, or deceptive and misleading practices, 15 U.S.C. § 1692e, in violation of the FDCPA. The Court

therefore dismisses Plaintiff's FDCPA claim for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Illinois Human Rights Commission**

Plaintiff alleges that she filed a complaint against Discover with the Illinois HRC because she repeatedly applied for personal loans from Discover but was denied. Plaintiff contends, without further facts, that the HRC "favors Discover Bank because both are incorporated in Illinois." (ECF 9 at 4.) The Court construes Plaintiff's allegations against the Illinois HRC as asserting a civil rights claim, under 42 U.S.C. § 1983, against this state agency.

As set forth in Chief Judge Swain's March 6, 2025 order, states generally may not be sued in federal court, however, unless "they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*.

Illinois has not waived its Eleventh Amendment immunity to suit in federal court. *See Richman v. Sheahan*, 270 F.3d 430, 439, 440 (7th Cir. 2001). Moreover, Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Any Section 1983 claims that Plaintiff is bringing against the Illinois HRC in this court are therefore barred by the Eleventh Amendment. *See*, *e.g.*, *McGill v. Buzzelli*, 828 F. App'x 76, 78 (2d Cir. 2020) (summary order) ("To the extent [plaintiff] sought damages from the NYSDHR for its purported mishandling of his complaints, the Eleventh Amendment bars suits against it because it is a state agency."). The Court therefore dismisses Plaintiff's claims against the Illinois HRC. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### E. Breach of Contract

Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Here, however, Plaintiff invokes the Court's diversity jurisdiction, and although there is some ambiguity about Plaintiff's residence because she uses an address from New York's address confidentiality program, the facts alleged are sufficient at this stage to plead that the citizenship of the parties is diverse.

To make out a claim for breach of contract under New York law, a complaint must allege facts which show: "(1) the existence of an agreement, (2) adequate performance of the contract by plaintiff, (3) breach of the contract by defendant, and (4) damages." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 177 (2d Cir. 2004). "A sufficient pleading for breach of contract must, 'at a minimum, allege the terms of the contract, each element of the alleged breach and the resultant damages in a plain and simple fashion.'" *Corning Inc. v. Shenzhen Xinhao Photoelectric Tech. Co.*, 478 F. Supp. 3d 456, 462 (W.D.N.Y. 2020) (citation omitted). "Without pleading the terms of the contract or contracts that [plaintiff] relies upon, the plaintiff's claim fails[,] . . .[although this] does not mean that a complaint alleging breach of contract must allege detailed facts or plead evidence." *Id.* (citation omitted).

Plaintiff invokes "breach of contract" as a basis on which she seeks relief, and the Court assumes that Plaintiff had an agreement with Discover that set forth the terms on which she was issued a credit card. Plaintiff has not included any allegations that she performed the contract as agreed but Discover breached it in some way. She does not allege, for example, that the agreement prohibited Discover from lowering her credit limit or closing her account. The amended complaint gives no indication of what Discover allegedly did or failed to do that

8

breached the agreement between the parties. Plaintiff thus fails to state a claim for breach of contract, and the Court dismisses this claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

F.      **Leave to Amend**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend and has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

G.      **Motion to Seal**

Plaintiff moves "to seal [the] case caption and the entirety of the case to include all documents and to remove [the] case from any legal website and . . . from search engines such as Google, Bing, etc." (ECF 13 at 1.) She seeks this relief due to "various job related reasons and other factors."[4] (*Id.*)

Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). Under the common law, to determine whether a document relating to a lawsuit should be made available to the public, the court considers: (1) whether the document at issue is a "judicial document," to which the public has a presumptive right of access; (2) the weight of the presumption of access; and (3) the

---

[4] Plaintiff sought, and was denied, the same relief in other cases that she brought in this Court. *See*, *e.g.*, *Flores v. Vang*, No. 24-CV-6676, 6 (S.D.N.Y. May 28, 2025) (denying motion to seal); *Flores v. Habitat for Humanity of Dane Cnty.*, No. 24-CV-5344, 6 (S.D.N.Y. May 28, 2025) (same); *Flores v. Citibank*, No. 24-CV-3665, 14 (S.D.N.Y. May 30, 2025); *see also Flores v. Gonzalez*, No. 23-CV-4990 (S.D.N.Y.) (pending motion to seal filed May 6, 2025).

balance of competing considerations, such as the privacy interests of third parties and the risk of impairing judicial efficiency, against the presumption of access. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Complaints are considered judicial documents for the purpose of this analysis. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016). In terms of the weight of the presumption of access, "complaints have historically been publicly accessible by default and such access allows the public to 'understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern.'" *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting *Bernstein*, 814 F.3d at 141).

The balance of competing considerations in this case also does not outweigh the strong presumption in favor of public access. Plaintiff requests sealing to avoid adverse impacts on her employment prospects. Courts have repeatedly held that the potential for a negative impact on a party's future business or social status does not outweigh the presumption of access. *See, e.g.*, *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (holding that "[t]he potential for a negative impact on a party's future business or social status does not outweigh the presumption of access" and collecting cases); *Zabolotsky v. Experian*, No. 19-CV-11832 (GHW), 2021 WL 106416, at *3 (S.D.N.Y. Jan. 12, 2021) ("It is well-settled that neither generalized concerns of adverse publicity nor the possibility of future adverse impact on employment outweigh the presumption of public access" (internal quotation marks and citation omitted)). Plaintiff's broad request to seal this action based on possible damage to her professional reputation or employment prospects does not overcome the

presumption of access, and the motion is therefore denied. The Court also notes that it has no authority to remove information already gathered by private internet platforms about this action.[5]

## CONCLUSION

Plaintiff's claims against Discover are dismissed for failure to state a claim, 28 U.S.C. § 1915(e)(2)(B)(ii), and her claims against the Illinois State Human Rights Commission are dismissed based on Eleventh Amendment immunity, 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's motions to seal (ECF 10, 12-13) are denied, and the Clerk of Court is directed to terminate on the docket all pending motions.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   September 8, 2025
         New York, New York

_____
PAUL A. CROTTY
United States District Judge

---

[5] Plaintiff also asks the Court for a copy of her complaint and indicates that she wishes to transfer or refile this action in the Northern District of New York because the mailing address for the address confidentiality program that she uses is in Albany, New York, in that district. Because the Court dismisses this action, the motion to transfer is denied. Plaintiff can obtain copies of documents in this case by contacting the court's Records Management unit (212) 805-0700.